940 F.2d 671
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Ricky SELBY, Plaintiff-Appellant,
v.
Ed WHITE, Defendant-Appellee.
 No. 91-3143.
 United States Court of Appeals, Tenth Circuit.
 July 31, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Ricky E. Selby filed a 42 U.S.C. Sec. 1983 complaint against Ed White, a Topeka, Kansas police detective, for various violations of his constitutional rights, including false arrest, trespass, and illegal search and seizure. Plaintiff alleged in his complaint that the violations arose out of his arrest in 1973 and later contact with White in 1976. The district court entered judgment in favor of White pursuant to Fed.R.Civ.P. 12(c) because plaintiff failed to file his claims within Kansas's two-year statute of limitations for civil rights violations. See Kan.Stat.Ann. Sec. 60-513(a)(4); Wilson v. Garcia, 471 U.S. 261 (1985). Plaintiff, appearing pro se, then filed this appeal.
 
 
 3
 We agree with the district court that plaintiff's cause of action is barred by the applicable statute of limitations. The suit, which is based on incidents occurring in 1973 and 1976, was not filed until 1990, well beyond Kansas's two-year statute of limitations. Accordingly, the district court properly entered judgment on the pleadings in favor of defendant White.[1]
 
 
 4
 AFFIRMED.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiff filed a motion with this court to supplement the record with documents relating to his 1973 arrest. In light of our holding in this case, the motion to supplement the record is hereby denied